UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PARAMJIT SINGH BASRA, | CASE NO. C16-6005 RBL |
| Plaintiff, | ORDER |
| v. | |
| RICHARD MORGAN, et al., | |
| Defendants. | |

THIS MATTER is before the Court on Plaintiff Basra's Motion for appointment of counsel. [Dkt. # 79]. Basra claims that because the court denied (in part) summary judgment [Dkt. # 49], his claims must have merit. He also claims he cannot articulate his claims, which is demonstrably untrue.

No constitutional right to counsel exists for an indigent plaintiff in a civil case unless the plaintiff may lose his physical liberty if he loses the litigation. *See Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981). However, pursuant to 28 U.S.C. § 1915(e)(1), the Court has the discretion to appoint counsel for indigent litigants who are proceeding IFP. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

1    The Court will appoint counsel only under "exceptional circumstances." *Id.*; *Wilborn v.*

2  *Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances

3  requires an evaluation of both the likelihood of success on the merits and the ability of the

4  plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved."

5  *Wilborn*, 789 F.2d at 1331 (internal quotations omitted). These factors must be viewed together

6  before reaching a decision on whether to appoint counsel under § 1915(e)(1). *Id.*

7    Basra has not demonstrated either of the required elements for appointment of counsel.

8  The Motion for appointment of counsel is DENIED.

9  IT IS SO ORDERED.

10    Dated this 25th day of September, 2018.

11

12    _____
   Ronald B. Leighton
13   United States District Judge

14

15

16

17

18

19

20

21

22

23

24